UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EXECUTIVE HOME CARE FRANCHISING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MARSHALL HEALTH CORP., WELL-BEING HOME CARE, LLC, CLINT MARSHALL, an individual, MASSARE MARSHALL, an individual; and GREER MARSHALL, an individual, JOHN DOES 1-5, fictitious persons,<br><br>    Defendants. | Case No.<br><br>**ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

**THIS MATTER** having been brought before the Court by Plaintiff, Executive Home Care Franchising, LLC ("Plaintiff" or "Executive Care") through its counsel, Marks & Klein, LLP by way of Order to Show Cause seeking a temporary restraining order ("TRO") and preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and L. Civ. R. 65.1, and upon the Verified Complaint, Declarations and supporting exhibits, and Memorandum of Law submitted herewith, and the court having determined that good and sufficient reasons exist to proceed by way of Order to Show Cause, and for good cause shown,

**IT IS** on this _____ day of _____, 2015.

**ORDERED** that Defendants appear and show cause on the _____ day of _____, 2015, before the United States District Court for the District of New Jersey, Hon. _____, at the Martin Luther King Building and United States Courthouse, located at 50 Walnut Street, Newark, New Jersey 07101, at _____ o'clock, or as soon thereafter as counsel can be heard, why a preliminary and permanent injunction should

1

not be issued enforcing the termination of Defendants' Franchise Agreement, and further preliminary and permanently enjoining Defendants and its respective parents, subsidiaries, affiliates, partners, directors, officers, agents, representatives, servants, employees, attorneys and all persons in active concert, privity, or participation with them are enjoined, from doing, aiding, contributing to, causing and abetting in failing to comply immediately with all post-termination obligations as set forth in the Defendants' franchise agreement;

**IT IS FURTHER ORDERED** that:

1. Pending the return date on the Order to Show Cause and until further Order of this Court, Defendants C. Marshall, M. Marshall and B. Marshall shall be deemed formally terminated from Plaintiff's Executive Care franchise system pursuant to Section 10 of the parties' Franchise Agreement and are hereby temporarily enjoined and restrained from operating the Executive Care franchise location in Morristown, New Jersey as an Executive Care pursuant to their February 25, 2013 Franchise Agreement;

2. Pending the return date on the Order to Show Cause and until further Order of this Court, Defendants are hereby temporarily enjoined and restrained from taking any action to operate the Marshall Health, Corp. and Well-Being Home Care, LLC, or any competing business and must immediately cease operations pursuant to Section 8.6 and Section 10 of the Franchise Agreement; and

3. Pending the return date on the Order to Show Cause and until further Order of this Court, Defendants are hereby temporarily restrained from displaying, or otherwise infringing upon the trademarks, trade name, and trade dress of Plaintiff; or using or displaying any other name, marks or trade dress that is confusingly similar to

        the trademarks, trade name, and trade dress of Plaintiff; or from otherwise committing acts of infringement, unfair competition and dilution against Plaintiff in violation of the Lanham Act; and,

4.     Pending the return date on the Order to Show Cause and until further Order of this Court, Defendants shall immediately cease any other activities which impair or damage Plaintiff's goodwill, reputation, and/or business operations

5.     Pending the return date on the Order to Show Cause and until further Order of this Court Defendants shall cease using the phone number assigned to their business by Executive Care and shall immediately return all customer lists, charts, and other proprietary materials to Plaintiff and show proof of such delivery to this Court on or before _____; and

**IT IS FURTHER ORDERED**, that Defendants shall file with this Court and serve upon Plaintiff, within ____ days after service upon Defendants of this Order, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the temporary restraints set forth herein; and,

**IT IS FURTHER ORDERED**, that the Defendants may move to dissolve or modify the temporary restraints herein contained on two (2) days' notice to Plaintiff's Counsel, Marks & Klein, LLP, 63 Riverside Avenue, Red Bank, New Jersey 07701.

**IT IS FURTHER ORDERED**, that Defendants shall serve and file their Answer to the Verified Complaint upon attorneys for Plaintiff within twenty (20) days from the date of service of the Verified Complaint and that if Defendants fail to so file and serve their Answer, judgment by default will be rendered against them for the relief demanded in the Verified Complaint; and

**IT IS FURTHER ORDERED**, that if Defendants do not file and serve an opposition to the Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that the Plaintiff files a proof of service and a proposed form of Order at least three (3) days prior to the return date.

**IT IS FURTHER ORDERED**, that the Court will notify the parties whether it will entertain argument on the return date of the Order to Show Cause in accordance with Local Civil Rule 78.1

_____
United States District Court Judge